# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09CV398

| | |
|---|---|
| GUY KENNETH PENLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon direct referral and instructions from the district court.

Review of the petition filed in accordance with 28, United States Code, Section 2255, reveals that petitioner has in his Motion to Vacate, Set Aside, or Correct Sentence made allegations that he received ineffective assistance of counsel both at sentencing and in failure to perfect an appeal to the Court of Appeals for the Fourth Circuit.

The respondent has timely filed its Answer to petitioner's motion and supported such response with the affidavit of petitioner's privately retained trial

counsel, Mr. Paul Bidwell. Based on a preliminary review of such pleadings,[1] the allegations contained in petitioner's motion are in stark contrast to what appears to be the well documented averments of trial counsel. Mr. Bidwell attributes this difference in recollection of what legal services were provided by counsel and what legal decisions were made by petitioner to possible diminishment of petitioner's mental health after his incarceration.

With this background, the court's immediate concern is the evidentiary hearing calendared for December 15, 2009. While the district court and the undersigned recollect that Mr. Penland had substantial resources and was able to hire his own counsel for trial, the court is also aware that petitioner was jointly and severally responsible for a substantial criminal forfeiture and that he is presently incarcerated and not gainfully employed. Inasmuch as a statutory right to counsel attaches to an evidentiary hearing conducted in a Section 2255 matter, the court will appoint Mr. Penland conditional counsel.

> Though there is no constitutional right to counsel in § 2255 proceedings, "there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required." *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir.1993).

---

[1] Such review is not in any way intended to bind this court or the parties, but is simply intended to provide context to the relief provided by this Order.

United States v. Phillips, 1998 WL 48561, 1 (4th cir. 1998).[2] Court appointed counsel will be instructed to meet with Mr. Penland and complete a financial affidavit and promptly return such to the undersigned for review. Mr. Penland will, of course, be at liberty to decline such appointment and retain his own attorney or represent himself, and any fees generated in such initial process will be paid at government expense. If Mr. Penland elects to make application for court appointed counsel, he is advised that the court will give due consideration to such application and, depending on Mr. Penland's resources, either appoint counsel at government expense or provide for partial qualification for the appointment of counsel as discussed in Volume VII of the Guide to Judiciary Policies and Procedures § 2.05 and provided by 18, United States Code, Section 3006A(f). Petitioner is advised that if partial qualification is allowed, the court would set up a repayment schedule based on his income, assets, and financial needs that would require the entire amount of counsel's compensation be repaid by the defendant over time.

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

# ORDER

**IT IS, THEREFORE, ORDERED** that counsel is appointed to represent petitioner in this matter, and the Office of the Federal Defender is respectfully instructed to appoint counsel experienced in Section 2255 litigation on an expedited basis.

The attorney appointed by the Federal Defender is respectfully instructed to meet with petitioner promptly and complete the tasks set forth herein on an expedited basis. Counsel is informed that the evidentiary hearing set by the district court is not likely to be continued as the matter is before a visiting district judge who has set such day aside from his regular docket in his own district to handle this and related matters on such day.

Signed: November 20, 2009

Dennis L. Howell
United States Magistrate Judge