# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09CV398

| | |
|---|---|
| GUY KENNETH PENLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon direct referral and instructions from the district court and upon application of the petitioner for court appointed counsel, as evidenced by his tender of financial affidavit.

> Though there is no constitutional right to counsel in § 2255 proceedings, "there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required." *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir.1993).

United States v. Phillips, 1998 WL 48561, 1 (4th cir. 1998).[1]

Review of the affidavit, *in camera*, reveals that petitioner's real assets are correspondingly offset by liabilities that appear to encumber such assets, that he has

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

-1-

modest savings that cannot be presently accessed without incurring a substantial penalty, and that he has income of approximately $800.00 per month. Further review of the petition reveals that he has municipal tax obligations that are being paid from such income of approximately $300.00 per month. Such affidavit indicates that petitioner has no dependents. From such affidavit, the undersigned concludes that petitioner does not has sufficient assets or income from which to hire counsel, but does have assets and income which would allow him to repay the taxpayer for counsel over time.

Section 3006A(f) governs the provision of counsel for a defendant who does not have sufficient assets to pay for his defense, but does have sufficient income to pay for counsel over time. Such statute provides as follows:

> **(f) Receipt of other payments.**--Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, *current at the time of payment*, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.

18 U.S.C. § 3006A(f) (emphasis added).

Further guidance is given to the court in Volume VII of the *Guide to Judiciary Policy and Procedures,* which provides instructions and criteria to use in determining whether a defendant partially qualifies for the appointment of counsel:

> **2.05 <u>Partial Eligibility.</u>** If a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide him and his dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the Act and should direct him to pay the available excess funds to the Clerk of the Court at the time of such appointment or from time to time thereafter. Such funds shall be held subject to the provisions of subsection (f). The judicial officer may increase or decrease the amount of such payments, and impose such other conditions from time to time as may be appropriate. <u>Guide to Judiciary Policies and Procedures</u>, Volume VII, § 2.05.

<u>Id.</u> Considering petitioner's current monthly income of $800.00 and deducting therefrom the approximately $300.00 he is paying per month towards a tax obligation,[2] and that all of petitioner's "necessities of life" are being provided for by the Bureau of Prisons at taxpayer expense, petitioner has approximately $500.00 per month in excess income. Deducting from such amount a reasonable sum for other miscellaneous expenses petitioner may have while incarcerated, the court finds that petitioner is capable of reimbursing the United States for the costs of counsel at the

---

[2] While not a necessity of life, the court believes it is important that obligations to local taxing authorities be considered inasmuch as municipal governments depend on such revenue to provide valuable public services.

rate of $300.00 per month.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's request for counsel is **ALLOWED** based on the financial affidavit submitted on December 9, 2009, and the appointment of Mr. Frank Abrams to represent petitioner in this matter is **REAFFIRMED** based upon the court's finding of partial eligibility.

Petitioner shall reimburse the United States for all fees and costs incurred and advanced by the court in this matter at the rate of $300 per month, with the first payment being due February 1, 2010, and continuing thereafter until fully paid.

Signed: December 10, 2009

Dennis L. Howell
United States Magistrate Judge