# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09CV398

| | |
|---|---|
| GUY KENNETH PENLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon direct referral and instructions from the district court. On Monday, March 1, 2010, the district court referred the petition herein for the purpose of conducting any discovery, hearings, and entry of a Memorandum and Recommendation on defendant's petition. The court has reset such hearing to Monday, March 8, 2010, due to a calendar conflict on Tuesday, March 9, 2010. In such Order, the district court refers all pending motions to the undersigned. The court has read all the motions and briefs and would like all counsel to be prepared to discuss the following issues at such hearing:

(1) While petitioner has filed motions to seal his Response to the Government's Answer (#10) and Amended Sealed Response (#13), he cites no case law in support of such motions, does not discuss how the alleged mental condition raises privacy concerns that would overcome the public's right to access such information, and in no manner

-1-

addresses the exacting requirements of Local Civil Rule 6.1, which specifically governs the sealing of pleadings in civil cases. Counsel for petitioner should be prepared to discuss all of these issues at the hearing.

(2) Why did counsel for petitioner file in this federal *habeas corpus* action - - which concerns the fact of his incarceration - - a Motion to Stay *Forfeiture* and why was such motion not filed in the underlying criminal case as it could have been under Rule 32, Federal Rules of Criminal Procedure? Specifically, all counsel should be prepared to share with the court which substantive provision of Rule 1 of the Rules Governing Section 2255 Proceedings forfeiture falls under.

(3) Whether discovery under Rule 3 of the Rules Governing Section 2255 Proceedings is required? If it is, should an Order be entered that petitioner undergo an evaluation as to competency at the time of trial (and if such is even possible) or whether such determination can be made from extant information.

(4) Whether, after a time for conducting discovery has passed, an evidentiary hearing will be needed in this matter in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings? A related question is whether petitioner should and can be physically present at such evidentiary hearing and who will be responsible for the costs of his transport.

(5) Why did petition file a Motion for Summary Judgment? Counsel for petitioner should be prepared to explain why this action cannot be resolved on petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed under 28, United States Code, Section 2255, the government's Response, and appointed counsel's Reply. Counsel are respectfully advised that such is the usual format for decision, and the only substantive issues that remain are, as set forth above, whether any discovery is necessary, the nature of such discovery, whether an evidentiary hearing will be needed, and whether further briefing will be required.

And,

(6) Whether the issues presented should be defined by the court.

Counsel are respectfully advised that Monday's hearing will be non-evidentiary and that counsel should be prepared to discuss with the court what amounts to a Pretrial Order ("PTO") in a Section 2255 action.[1] Counsel are respectfully requested to meet in advance of the hearing (not just the morning of the hearing) in an attempt to resolve as many of these issues as possible and perhaps present the court with a proposed PTO.

## ORDER

**IT IS, THEREFORE, ORDERED** that this matter is reset for hearing on Monday, March 8, 2010, in Courtroom #2 in Asheville at 9:30 a.m.

Signed: March 1, 2010



Dennis L. Howell
United States Magistrate Judge

---

[1] The court does not wish to imply that there will be any "trial" in this matter.