# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09CV398

| | |
|---|---|
| GUY KENNETH PENLAND, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court upon direct referral of the district court. On March 8, 2010, the court conducted a non-evidentiary hearing and discussed the pleadings thus far filed with counsel for the respective parties. The court has pending before it the following motions:

(1) petitioner's Motion for Leave of Court for Petitioner to File an "Amended Sealed Response to Government's Answer in Opposition to - 'Petitioner's Motion to Vacate, Set Aside, or Correct Sentence'" (#12)(quotation marks in the original);[1]

(2) petitioner's Motion for Stay of Preliminary Order of Forfeiture Pending Ruling on Defendant's Claim(s) Under 28 U.S.C. § 2255 in the Interests of Justice (#14);

(3) petitioner's Motion for 'Nunc Pro Tunc' Order granting Leave of

---

[1] To expedite matters, the respondent has waived response to the motion for leave to amend the petition.

-1-

> Court for Petitioner to File Sealed Response(s) in this Cause, and to Have Said Response(s) Remain Sealed Pending Further Order of the Court (#17);

(4) petititioner's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Attached Affidavit in Support (#19);

(5) petitioner's unopposed Motion for Withdrawal by Petitioner of "Motion for Stay of Preliminary Order of Forfeiture" (#22)(quotation marks in the original); and

(6) petitioner's Motion for Leave of Court Pursuant to Rule 15 of the Federal Rules of Civil Procedure, to Allow Petitioner to File an Amended Motion Under 28 U.S.C. § 2255, to Vacate, or Correct Sentence by a Person in Federal Custody and Memorandum of Law (#23).

Attached to such final motion, among others, is a document captioned "Proposed Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law." Docket Entry # 23-1. The court deems this to be petitioner's proposed amended petition along with his supporting affidavit.

I. **Amending the Petition**

While such proposed amended petition goes on for some 11 pages, petitioner never clearly states his claim. In addition, petitioner cites to earlier legal arguments made by the government in its response to the original petition, which causes unnecessary confusion as a Section 2255 is simply a statement of claim as well as the factual reasons why petitioner believes he is entitled to relief under Section 2255.

This limitation on the content of the petition can be gleaned from the rules as well as the official Section 2255 form. Rule 2(c), Federal Rules Governing Section 2255 Proceedings, provides:

> **(c) Standard Form.** The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.

F.R.G.§2255 P. Such form is found at page 388 of the 2010 edition of *Federal Civil Judicial Procedure and Rules* (West Pub. 2010), and is commended to counsel for future reference. In relevant part, the form seeks a clear and concise statement of each claim as follows:

> **Ground One:** _____
> (a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____
> \* \* \*

Id., Appendix of Forms, at p. 387 (emphasis in the original). The problem such Rule and form seeks to avoid is the amalgam of claims and admixture of underlying events that inevitably occurs when a petitioner believes he is subject to an unlawful sentence. Further, Rule 2 when read with the form specifically forbids use of the petition as a legal brief.

In this case, petitioner's proposed amended petition in no manner follows or substantially follows the mandatory form, see supra, and the court has had great difficulty weeding the allegedly meritorious appellate issues (which petitioner

-3-

contends should have been the basis of any attorney to at least file a notice of appeal) from the alleged facts which would support a claim under Section 2255.  Indeed, the proposed amended petition argues not only case law, but takes issue with legal arguments made by the government in its response to the original petition.  By requiring counsel for petitioner to amend his petition, rather than amend his reply, the court was not looking for counsel to simply shift the content of the Reply to the proposed amendment.  Fundamentally, an amended pleading presses the reset button, and including arguments to previous responses fails to advance the ball forward.  Put another way, where a party is allowed to amend its pleading, the previous response has no significance as the original petition is no longer in play. Further reading on the impact of amendment may be found in these cases: Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[2] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989)

---

[2] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

(holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); and Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

Rather than make petitioner try again, the court will advance the action based on petitioner's advanced age and the strain that travel to and from a Bureau of Prisons facility must impose as well as the limitations on local jail facilities in providing petitioner with both medical care and other opportunities. The court has thoroughly read the proposed amended petition and will construe the claim or "ground" petitioner is attempting to assert, as follows:

**Claim I**
**Petitioner received ineffective assistance of counsel when trial counsel failed to file a notice of appeal on behalf of petitioner, all in violation of petitioner's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution and in violation of the requirements of *Strickland v. Washington* and its progeny.**

The court construes this to be petitioner's only claim or ground in accordance with Rule 4(b), Federal Rules Governing Section 2255 Proceedings. The court further considers the remainder of the "Proposed Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law" (Docket Entry # 23-1) to be petitioner's statement of facts in support of such claim. Petitioner's legal arguments contained therein will be stricken,

except to the extent that he asserts his right to effective assistance of counsel is being asserted under the Sixth Amendment and that the assistance he received was in violation of Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.

The government shall be directed file its Answer to this amended claim and petitioner shall be directed to file his Reply. Plaintiff is advised that it is in his Reply that he has an opportunity to not only reply to the government's response, but to cite the court to whatever case law petitioner wishes the court to review in support of his claim. The court notes that no discovery was requested by either party during the hearing.

## II.     The Lack of Need for Further Dispositive Motions

Counsel for petitioner is advised, specifically and respectfully, that while Rule 12 , Federal Rules Governing Section 2255 Proceedings, makes the Federal Rules of Civil Procedure applicable, such rule goes on to provide that such application is only "to the extent that they are not inconsistent with any statutory provisions or these rules...." Fed.R.G.§2255 P. 12. The Federal Rules Governing Section 2255 Proceedings specifically provide for a petition, an answer, and a reply as the operative pleadings upon which a decision issues. Id., Rule 5. Indeed, the court, if it chooses to do so, can summarily grant or deny the petition without pleading beyond the petition.

While routinely referred to as "federal *habeas*," a motion to vacate a sentence is not in fact a *habeas corpus* proceeding, but a <u>motion</u> attacking a sentence imposed in this court. Thus, petitioner's reliance on an annotation or law review article discussing procedure in federal court on *habeas corpus* proceedings is likely misplaced, inasmuch as the disposition of *Section 2254* (state *habeas corpus*) proceedings involves a separate set of federal rules, with judges often employing cross motions for summary judgment as the familiar framework for decision making. The method for disposing of Section 2255 actions is inapposite, and counsel need look no further than the district court case he cites at page 11 of his proposed amended petition, <u>Lopez v. United States</u>, 1:09cv441 (W.D.N.C. Feb. 16, 2010), to see that such case was resolved without summary judgment motions being filed. Perhaps this difference can best be understood in context. In ruling on a Section 2255 motion, a federal judge is in essence making a decision based on a criminal case that judge tried, with little need for statements of fact, supporting affidavits, and extensive legal briefing. On the other hand, in a Section 2254 action, a federal judge is called upon to review the decision of a state judge, which involved a case the federal judge did not preside over. Thus, the familiar framework of Rule 56 is employed to provide the district court with the ability to closely review the challenged state court decision.

The court has provided this discussion neither to aid petitioner nor chastise

counsel;[3] rather, the court has an affirmative duty to improve the practice of the Bar of this court, especially in matters that many panel members may seldom encounter. By pointing to these resources, the court believes efficiency may well be improved for all in subsequent actions.

III. **Evidentiary Hearing**

Counsel for petitioner has waived evidentiary hearing and cited the court to what appears to be the usual practice of the bench in the Western District of North Carolina in similar circumstances, which is to simply grant the petition inasmuch as the court should not decide issues of credibility on affidavits alone. See United States v. Santana, 263 Fed.Appx. 334, 335 (4th Cir. 2008). While the undersigned certainly agrees that credibility cannot be determined from *affidavits*, credibility can be discerned at an evidentiary hearing where the court can hear the testimony, observe the witnesses, and ask any questions it believes may be relevant.

While the government provided the court with an exhaustive review of the practices of judges in the Western District of North carolina, the court contacted the district judge to whom this case is assigned (and who sits in both the Western and Eastern Districts of Virginia). The district court instructed and advised that it is his

---

[3] Indeed, the court greatly appreciates panel attorneys who agree to take on challenging matters beyond the scope of a typical CJA appointment.

preference that an evidentiary hearing be held. To that end, the court will promptly set an evidentiary hearing.

## IV. Witnesses

Inasmuch as petitioner has received court-appointed counsel (for which he is making payments over time), the court believes he is also entitled to subpoena witnesses to such hearing at government expense. While the *ex parte* provisions of Rule 17, Federal Rules of Criminal Procedure, would not be applicable (inasmuch as a Section 2255 motion is not a trial and there is no need to preserve defense strategy), the court believes the other provisions of the rule would be applicable, which would include screening petitioner's proposed witnesses. The court believes the following witnesses may have testimony relevant to the claim,[4] as above defined:

(1) Paul Bidwell, Esq.;

(2) Gordon Widenhouse, Esq.; and

---

[4] Under United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007), the court believe the issues the court will have to determine under Claim I are, as follows:

(1) whether petitioner unequivocally instructed his attorney to file a notice of appeal; and if not
(2) whether trial counsel had a duty to consult under Roe v. Flores-Ortega, 528 U.S. 470 (2000);
(3) whether trial counsel failed to fulfill his consultation obligations; and
(4) whether petitioner was prejudiced by his attorney's failure to fulfill these obligations.

Id., at 273.

      (3)    Mr. Penland.

The court specifically sees no reason to call counsel for any co-defendants as the court can simply take judicial notice of any appeal counsel filed for any co-defendant. If any family members were present when counsel discussed the appeal with petitioner, the court would consider issuing proposed subpoenas for such individuals depending on the forecast of likely testimony.

Counsel for petitioner should immediately work on his Motion for Issuance of Subpoenas at Government Expense and include therein a list of witnesses he wishes to subpoena to the evidentiary hearing. Each name should be accompanied by a physical address as well as a telephone number at which the witness can be reached by the United States Marshal, as well as a <u>brief</u> description of the relevance of the testimony to petitioner's claim.[5]

## V. Housekeeping

It appearing that the petition as well as the hearing is now back on track, the court will clean up any remaining motions that do not further the petition.

---

[5] This discussion concerning petitioner's process is in no way intended to proscribe or limit the witnesses the government may desire to call as such is left to the sound determination of the Executive Branch.

# ORDER

**IT IS, THEREFORE, ORDERED** that

(1) petitioner's Motion for Leave of Court for Petitioner to File an "Amended Sealed Response to Government's Answer in Opposition to - 'Petitioner's Motion to Vacate, Set Aside, or Correct Sentence'" (#12)(quotation marks in the original) is **DENIED** as withdrawn orally;

(2) petitioner's Motion for Stay of Preliminary Order of Forfeiture Pending Ruling on Defendant's Claim(s) Under 28 U.S.C. § 2255 in the Interests of Justice (#14) is **DENIED** as withdrawn by written motion;

(3) petitioner's Motion for 'Nunc Pro Tunc' Order granting Leave of Court for Petitioner to File Sealed Response(s) in this Cause, and to Have Said Response(s) Remain Sealed Pending Further Order of the Court (#17) is **DENIED** as withdrawn orally;

(4) petititioner's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Attached Affidavit in Support (#19) is **DENIED** without prejudice as improvidently filed;

(5) petitioner's unopposed Motion for Withdrawal by Petitioner of "Motion for Stay of Preliminary Order of Forfeiture" (#22)(quotation marks in the original) is **GRANTED**, as above provided;

(6) petitioner's Motion for Leave of Court Pursuant to Rule 15 of the Federal Rules of Civil Procedure, to Allow Petitioner to File an Amended Motion Under 28 U.S.C. § 2255, to Vacate, or Correct Sentence by a Person in Federal Custody and Memorandum of Law (#23) is **ALLOWED**, and petitioner is granted leave to file his Amended Petition, which is modified *sua sponte* as provided supra;

(7) respondent is instructed to file its Answer to the Amended Petition, as modified by the court herein, not later than March 26, 2010;

(8) petitioner is instructed to file his Reply not later than April 2, 2010;

(9) an evidentiary hearing is scheduled for April 22, 2010, at 10:30 a.m.; and

(10) petitioner shall file his Motion for Issuance of Subpoenas not later than April 9, 2010, in the manner herein provided.

Signed: March 16, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge